# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-450V
Filed: September 2, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JULIA TELONIDIS, | |
| Petitioner, | Ruling on Entitlement; Concession; Hepatitis A ("hep A") Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald Homer, Conway, Homer & Chin-Caplan, Boston, MA, for petitioner.*
*Michael Milmoe, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Special Master:

On May 4, 2015, Julia Telonidis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that as a result of a hepatitis A ["hep A"] vaccination on October 19, 2012, she suffered a shoulder injury related to vaccine administration ["SIRVA"]. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 1, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1, 3. Specifically, respondent indicates that she has "concluded that petitioner's alleged injury is consistent with SIRVA and that it was caused-in-fact by the [] vaccine she received on October 19, 2012." *Id.* at 3. Respondent further indicates

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2

that she "did not identify any other causes for petitioner's SIRVA" and that "petitioner's SIRVA and its sequela persisted for more than six months after the administration of the vaccine." *Id.* at 3.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Denise K. Vowell</u>
Denise K. Vowell
Special Master