# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-450V
Filed: August 30, 2017
UNPUBLISHED

| | |
|---|---|
| JULIA TELONIDIS,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Hepatitis A (Hep A) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for petitioner.
*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for respondent.

## **DECISION AWARDING DAMAGES**[1]

**Dorsey**, Chief Special Master:

　　On May 4, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that as a result of a hepatitis A ["Hep A"] vaccination on October 19, 2012, she suffered a shoulder injury related to vaccine administration ["SIRVA"]. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

　　On September 2, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On August 30, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $175,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

      Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $175,000.00 in the form of a check payable to petitioner, Julia Telonidis.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

      The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

      **s/Nora Beth Dorsey**
      Nora Beth Dorsey
      Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| JULIA TELONIDIS, ) | |
| ) | |
| Petitioner, ) | No. 15-450V   ECF |
| ) | |
| v. ) | Chief Special Master Dorsey |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.   Procedural History**

On May 4, 2015, Julia Telonidis ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*.  She alleged that, as a result of receiving the Hepatitis A vaccine on October 19, 2012, she suffered a left shoulder injury.  Petition at 2-10.

On September 1, 2015, respondent filed his Vaccine Rule 4(c) report, conceding causation-in-fact for petitioner's shoulder injury related to vaccine administration ("SIRVA"). On September 2, 2015, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for SIRVA.

**II.   Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of $175,000.00, which represents all elements of compensation to which petitioner

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $175,000.00, in the form of a check payable to petitioner.[2] Petitioner agrees.

                    Respectfully submitted,

                    CHAD A. READLER
                    Acting Assistant Attorney General

                    C. SALVATORE D'ALESSIO
                    Acting Director
                    Torts Branch, Civil Division

                    CATHARINE E. REEVES
                    Deputy Director
                    Torts Branch, Civil Division

                    ALEXIS B. BABCOCK
                    Assistant Director
                    Torts Branch, Civil Division

                    */s/Darryl R. Wishard*
                    DARRYL R. WISHARD
                    Senior Trial Attorney
                    Torts Branch, Civil Division
                    U. S. Department of Justice
                    P.O. Box l46, Benjamin Franklin Station
                    Washington, D.C. 20044-0146
                    Direct dial: (202) 616-4357

Dated: August 30, 2017           Fax: (202) 616-4310

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.